■ In the Matter of CELIA A. MURRAY, Respondent, v TROY URBAN RENEWAL AGENCY, INC., et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Weiss, J.), entered August 7, 1980 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination denying petitioner access to certain records of the Troy Urban Renewal Agency, Inc. The record discloses that respondent Troy Urban Renewal Agency, Inc. (hereinafter referred to as TURA) has in its possession certain appraisals allegedly reflecting the opinion of an independent appraiser as to the value with regard to resale and reuse of certain buildings owned by TURA and collectively known

as Urban Renewal Project C (hereinafter referred to as the project). In connection with the subject matter of the appraisals, TURA has solicited proposals of purchase price, reuse plans, construction timetables and financing terms from the public sector. It is intended that such proposals or bids will form the basis for negotiating the sale of the properties in the project. On January 15, 1980, petitioner sought access to the reuse appraisals pursuant to section 87 of the Public Officers Law and, following administrative denial of her request and the exhaustion of her administrative remedies, she instituted this proceeding. Special Term granted judgment in favor of petitioner and ordered access to the records. Upon this appeal, the dispositive issue is whether or not the sought-after materials "if disclosed would impair present or imminent contract awards" (Public Officers Law, § 87, subd 2, par [c]). While the actual award of a contract may not occur for some time, it is apparent that the process expected to result in such an award has been invoked and it seems plainly evident that TURA will be using all factual and opinion data it possesses in the negotiations leading to the contracts. Disclosure of such material will be likely to impair the competitive offers of the public as to redevelopment and/or purchase of the properties by unduly focusing upon information in the possession of TURA as influencing a fair price or offer. We conclude that the appraisals are subject to confidentiality pursuant to section 87 (subd 2, par [c]) of the Public Officers Law. Special Term's finding that the sale of the properties would not be a "contract award" within the meaning of the statute is not supported by any factual showing. As long as the process of the agency will normally result in the award of a contract, the literal language of the statute is met and we find nothing to indicate an intent to narrow the language used to particular contracts. Judgment reversed, on the law, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.