*992 OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the petitioner seeking an order:
(a) Determining that petitioner is entitled to payment from respondents of its attorney’s fees and expenses for this proceeding, pursuant to CPLR article 86, the New York State Equal Access to Justice Act (EAJA);
(b) Fixing those fees and expenses in the sum of $9,922 for fees and $897.50 for expenses;
(c) Directing entry of judgment in the total sum of $10,819.50 for fees and expenses, plus costs as allowable; and
(d) Granting petitioner such other, further and different relief as to the court may seem just and proper under the circumstances.
Respondent opposes the motion and argues that petitioner is not entitled to payment of its attorney’s fees and expenses since petitioner has failed to meet the statutory threshold requirements of CPLR 8601 in that petitioner is not a prevailing party; there has been no final judgment; and the respondents were substantially justified in their position. Alternatively, the respondents assert that if this court were to grant petitioner’s motion, the amount awarded should not equal the amount demanded by the petitioner but, rather, should be reduced to comply with statutory and case law requirements.
By complaint dated March 29, 1989, the respondent charged petitioner, a commercial laboratory specializing in the analysis of hazardous waste samples, with, inter alla, storage of hazardous waste in violation of State statutes and regulations.
A hearing was held on October 13, 1989 before an Administrative Law Judge (ALJ). During the hearing a number of off-the-record conferences were held between the parties and the ALJ. During one of these conferences, the parties stipulated to limit the issue to be determined by the ALJ to the threshold question of the exemption of petitioner’s samples from the regulations petitioner was charged with violating. The parties further agreed that the merits of the complaint would be addressed at a subsequent hearing only if the ALJ found petitioner subject to the storage regulations in the first instance. The outcome of the discussion and any agreement between the parties and the ALJ regarding the scope of the hearing is not explicitly noted in the record.
Evidence received at the hearing included the testimony of *993 NANCO’s president, which was that the barrels did not contain hazardous waste despite their labeling and, in fact, that some of them had been returned by petitioner’s hazardous waste transporter because of their nonhazardous contents. The parties also stipulated to the facts that would have been offered by the Department of Environmental Conservation (DEC) inspector who discovered the alleged hazardous waste storage violations at the NANCO facility, had he been called. The inspectors stipulated testimony indicated that on the date of his inspection, January 27, 1989, 26 drums were stored in NANCO’s dedicated hazardous waste storage area, that some of the drums were identified with codes apparently indicating the type of hazardous waste they contained, that four of the drums were not dated, and that nine of the drums were marked with dates in December 1987 and January 1988.
Following the close of the hearing, the petitioner and respondent submitted briefs. Both briefs addressed only the issue of whether the narrow exception to the regulations claimed by NANCO applied.
The ALJ found petitioner subject to the regulations, but made no finding whatsoever regarding petitioner’s violation of any of the regulations. Nonetheless, the ALJ recommended that petitioner be assessed a $7,500 civil penalty, to be suspended, provided that petitioner complied with the storage regulations in the future.
By decision dated March 1, 1990, the Commissioner found petitioner guilty and, overruling the recommendation that the fine be suspended, imposed the fine.
The parties then submitted a joint motion for reconsideration to the Commissioner based on their belief that the ALJ concurred in their agreement to limit the scope of the hearing to the issue of the application of the limited exemption. At the same time, the parties entered into a stipulation which essentially tolled the time to bring a CPLR article 78 special proceeding challenging the determination until 20 days after service of an order denying the motion for reconsideration.
On October 1, 1990 the Commissioner denied the motion for reconsideration.
On October 19, 1990 NANCO commenced this article 78 proceeding seeking a judgment granting the following relief: vacating the Commissioner’s decision and order dated March 1, 1990, and the AU’s hearing report, and dismissing the department’s complaint; permanently enjoining respondents *994 from any further prosecution of the subject matter of the complaint; and awarding NANCO attorney’s fees under EAJA.
Respondents’ answer included a motion to remand the matter to the respondent "for additional consideration”. Petitioner opposed that motion.
By order dated November 20, 1990 this court granted respondents’ motion to remand to the department "for additional and further consideration”.
Petitioner now moves for attorney’s fees and expenses under CPLR article 86, the New York State Equal Access to Justice Act. This act authorizes courts to award to a "prevailing” plaintiff or petitioner fees and expenses incurred by such prevailing party in any civil action brought against the State, unless the court finds the position of the State was substantially justified. (CPLR 8601 [a].)
In considering the issue of whether petitioner meets the definition of a "prevailing party”, the court must look to case law developed under the cognate Federal Equal Access to Justice Act (28 USC § 2412 [d]), including the United States Supreme Court decision in Pierce v Underwood (487 US 552 [1988]).
In analyzing the term "prevailing party” under the Federal EAJA, the United States Supreme Court has adopted the analysis and interpretation of the term "prevailing party” as used in the Civil Rights Attorney’s Fees Awards Act of 1976 (42 USC § 1988). (Sullivan v Hudson, 490 US 877, 886 [1989]; see also, Waterman S. S. Corp. v Maritime Subsidy Bd., 901 F2d 1119 [DC Cir 1990], citing Texas Teachers Assn. v Garland School Dist., 489 US 782 [1989]; Hensley v Eckerhart, 461 US 424, 433; Nadeau v Helgemoe, 581 F2d 275 [1st Cir 1978]; see also, Kitchen Fresh v National Labor Relations Bd., 729 F2d 1513 [6th Cir 1984], citing Hanrahan v Hampton, 446 US 754 [1980], which interprets "prevailing party” under 42 USC § 1988.)
The Waterman court noted that: "[although Texas State Teachers dealt with 42 U.S.C. § 1988 and not EAJA, the Court explained that it had granted certiorari in part because of the 'importance of the definition of the term "prevailing party” to the application of § 1988 and other federal fee shifting statutes. ’ * * * This court has previously cited § 1988 cases in construing 'prevailing party’ under EAJA. See, e.g., National Coalition Against the Misuse of Pesticides v. Thomas, 828 F.2d 42, 44 (D.C. Cir. 1987); Massachusetts Fair Share v. Law *995 Enforcement Assistance Admin., 776 F.2d 1066, 1067 (D.C. Cir. 1985); see also Brown v. Secretary of Health and Human Services, 747 F.2d 878, 882 (3rd Cir. 1984) (noting legislative history of EAJA calling for interpreting 'prevailing party’ consistently with other fee shifting statutes).” (Waterman S. S. Corp. v Maritime Subsidy Bd., supra, 901 F2d, at 1121, n 1.)
Thus, under the Federal EAJA, a plaintiff, to qualify as a "prevailing party”, "must show that the 'final result represents in a real sense a disposition that furthers their interest.’ Grano v. Barry, 783 F.2d 1104, 1108 (D.C. Cir. 1986) (citations omitted) [interpreting 42 USC § 1988]. Under this standard, the court must 'focus on the precise factual/legal condition that the fee claimant has sought to change, and then determine if the outcome confers an actual benefit or release from burden.’ Id. at 1108-09 (citation omitted).” (National Coalition Against Misuse of Pesticides v Thomas, 828 F2d 42, 44 [DC Cir 1987].)
The underlying article 78 proceeding seeks to vacate the DEC Commissioner’s decision and order imposing penalties, annul the ALJ’s determination, dismiss the administrative complaint and enjoin any further prosecution of the case. Petitioner did not request a remand. When respondents moved to remand the matter back to DEC for "additional consideration”, DEC having "determined that further reconsideration and review is necessary to correct misunderstandings between DEC, NANCO and the Administrative Law Judge pointed out by petitioner”, petitioner opposed this motion. Petitioner never requested remand in the article 78 petition and thus has not achieved a benefit sought in commencing this proceeding. In short, petitioner has not prevailed.
Moreover, even if petitioner had consented to the remand, petitioner would still not qualify as a "prevailing party”. It is well settled under analogous Federal EAJA case law that procedural determinations, including agency remands such as in the instant case, do not suffice to qualify claimants as "prevailing” parties.
The United States Supreme Court has held that
"where a court’s remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party’ status within the meaning of § 2412 (d) (1) (A) until after the result of the administrative proceedings is known. * * *
*996 "[I]n order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action. * * * We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of EAJA merely because a court had remanded the action to the agency for further proceedings.” (Sullivan v Hudson, 490 US 877, 886-887, supra.)
Further support for this proposition is found in National Coalition Against Misuse of Pesticides v Thomas (828 F2d 42, supra); McGill v Secretary of Health & Human Servs. (712 F2d 28 [1983]); Myers v Sullivan (916 F2d 659, 666 [11th Cir 1990]).
At the present point in the instant proceeding, petitioner has achieved none of the benefits it sought in the underlying article 78. The remand is for respondents to further consider the complaint, take more evidence if it deems necessary, and then make a final determination on the merits. The court’s order here at issue cannot reasonably be construed as "success on the merits” for petitioner.
EAJA provides that a party seeking a fee award shall make such application within 30 days of "final judgment in the action” (CPLR 8601 [b]). By explicit definition, " '[f]inal judgment’ ” means "a judgment that is final and not appeal-able, and settlement.” (CPLR 8602 [c].) Under the Federal EAJA, Federal courts have held that a fee applicant is premature in filing prior to a final judgment.
Here, no final judgment has yet been rendered. The court has granted respondent’s motion for a remand "for further and additional consideration”. It is well settled that an order remanding the matter to the agency or trial court for further consideration of the merits does not constitute a "final judgment”. (Sullivan v Hudson, supra, 490 US, at 887; Papazian v Bowen, 856 F2d 1455, 1456 [9th Cir 1988]; Skip Kirchdorfer, Inc. v United States, 803 F2d 711 [Fed Cir 1986]; see also, Sohappy v Hodel, 911 F2d 1312, 1321 [9th Cir 1990].) In Sullivan v Hudson (supra, at 887), the Supreme Court held that "there will often be no final judgment in a claimant’s civil action for judicial review until the administrative proceedings on remand are complete.”
In the instant matter, the administrative proceedings are not complete.
Fee requests have been entertained in instances where "the remand was essentially for a ministerial act. * * * However, where the tribunal on remand must determine a significant *997 part of the case, as here * * * a request for fees before the judgment on remand is generally premature.” (Skip Kirchdorfer, Inc. v United States, supra, 803 F2d, at 712.)
In the instant matter, the remand is for general reconsideration, and is not limited to ministerial acts. A number of possible results may flow from the remand; at this time petitioner’s motion is premature.
Since petitioner is not a "prevailing party” and did not obtain a "final judgment” its fee applications must be dismissed as premature.
The motion is, in all respects, denied, with costs. The denial is without prejudice to a renewal thereof if, at some point in the future, the petitioner qualifies as a "prevailing party”.
Attorney for respondent to submit proposed order consistent herewith within 10 calendar days of the date that this decision is mailed.