◼ In the Matter of STANLEY SIMPKINS, Respondent, v DEAN RILEY, as Superintendent of Fishkill Correctional Facility, et al., Appellants. [598 NYS2d 352] —Levine, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered January 23, 1992 in Dutchess County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty, after a Superintendent's hearing, of violating a prison disciplinary rule prohibiting the use

of a controlled substance. Evidence presented at the hearing established that petitioner twice tested positive for cocaine use. Petitioner objected that both tests were performed by the same correction officer although applicable regulations required that the second test be done "by a different trained individual [officer], if available" (7 NYCRR 1020.4 [e] [1] [iv]). The correction officer who did the testing testified that he believed that no other qualified officer was on duty at the time of the second test. The Hearing Officer found, however, that the log books for the date in question indicated that two other qualified officers were on duty at that time. Nevertheless, the Hearing Officer concluded that the correction officer who had conducted the tests had acted in good faith in determining that a second qualified officer was not available to conduct the second test, and found petitioner guilty. Supreme Court annulled the determination, holding that respondent Commissioner of Correctional Services must follow his own regulations. Supreme Court also awarded counsel fees to petitioner pursuant to CPLR article 86. Respondents appeal.

We agree with Supreme Court that the determination should be anulled. Contrary to respondents' contention on appeal, the language of the regulation simply is not subject to a construction that a good-faith belief in the unavailability of a second tester is sufficient. At the least, a reasonable effort must be made to obtain a "different trained individual" to retest before the regulation's requirement is satisfied. Here, the alacrity with which the Hearing Officer found that two other qualified officers were on duty when the testing was performed convinces us that no reasonable effort was made to comply with the regulation. Thus, Supreme Court properly annulled the determination.

We also find no basis to disturb the award of counsel fees pursuant to CPLR article 86, this State's "Equal Access to Justice Act" (CPLR 8600), modeled after the Federal statute having the identical title *(id; see,* 28 USC § 2412 [d]). Counsel fees were awardable here under article 86 "unless the court finds that the position of the state was *substantially justified* or that special circumstances make an award unjust" (CPLR 8601 [a] [emphasis supplied]). The phrase "substantially justified" has been authoritatively interpreted by the United States Supreme Court as "justified to a degree that could satisfy a reasonable person [or having a] 'reasonable basis both in law and fact' " *(Pierce v Underwood,* 487 US 552, 565). The determination of whether the State's position was substantially justified is committed to the sound discretion of the

court of first instance and is reviewable as an exercise of judicial discretion *(supra,* at 559). We find no abuse of discretion on Supreme Court's part here in concluding that respondents' application of 7 NYCRR 1020.4 (e) (1) (iv) was not substantially justified.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.