■ In the Matter of CENTENNIAL RESTORATIONS COMPANY, Respondent-Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant-Respondent. [608 NYS2d 559] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Spain, J.), entered December 14, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, partially granted petitioner's application for fees and other expenses pursuant to CPLR article 86.

Petitioner is the sponsor of an offering plan to convert an apartment building located in New York County into cooperative ownership. This is the second appeal between these parties. The facts are fully set forth in this Court's earlier decision (180 AD2d 340). In petitioner's earlier appeal, we modified Supreme Court's judgment and annulled respondent's determinations of February 21, 1991 and April 26, 1991 to the extent those determinations revoked respondent's March 1990 acceptance of petitioner's offering plan for filing. Petitioner thereafter moved in Supreme Court for fees and other expenses pursuant to CPLR article 86. Supreme Court partially granted the motion and a judgment was entered awarding petitioner $48,129 for counsel fees. Respondent appeals and petitioner cross-appeals to the extent that the judgment omitted awards for costs and expenses and motion costs and fees.

Under CPLR article 86, counsel fees and other expenses are awardable to a "prevailing party * * * unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (CPLR 8601 [a]). Contrary to respondent's first contention, we find that petitioner is the "prevailing party". "Prevailing party" is defined as one "who prevails in whole or in substantial part where such party and the state prevail upon separate issues" (CPLR 8602 [f]). Inasmuch as CPLR article 86 is modeled after the Federal act *(see,* 28 USC § 2412; *Matter of Simpkins v Riley,* 193 AD2d 1009, 1010), we turn to Federal case law for guidance *(see, Matter of NANCO Envtl. Servs. v New York State Dept. of Envtl. Conservation,* 149 Misc 2d 991, 994). Under the Federal act, one must show that "the final result represents, in a real sense, a disposition that furthers [their]

interests" *(Commissioners Ct. v United States,* 683 F2d 435, 441; *see, Matter of NANCO Envtl. Servs. v New York State Dept. of Envtl. Conservation, supra,* at 995). The court must focus on "the precise factual/legal condition that the fee claimant has sought to change, and then determine if the outcome * * * confers an actual benefit or relief from a burden" *(Miller v Staats,* 706 F2d 336, 341, n 30). This Court's annulment of respondent's revocation of its March 1990 acceptance of petitioner's offering plan for filing, though partial relief, furthered petitioner's interest and conferred an actual benefit upon it. The original offering plan was restored and because petitioner and respondent agreed* to a toll of the 15-month statutory period for obtaining the requisite number of purchase agreements *(see, Matter of Centennial Restorations Co. v Abrams,* 180 AD2d 340, 343, *supra),* petitioner was given time to cure the second amendment General Business Law § 352-eeee (1) (b) deficiencies by obtaining additional subscribers to the offering plan *(see, supra,* at 346).

We next address respondent's contention that Supreme Court erred in determining that its position in the underlying CPLR article 78 proceeding was not substantially justified. The phrase " 'substantially justified' " has been interpreted as "justified to a degree that could satisfy a reasonable person [or having a] 'reasonable basis both in law and fact' ", not " 'justified to a high degree' " *(Pierce v Underwood,* 487 US 552, 565; *see, Matter of Simpkins v Riley, supra,* at 1010; *Bio-Tech Mills v Jorling,* 152 Misc 2d 619). "The determination of whether the State was *substantially justified* is committed to the sound discretion of the court of first instance and is reviewable as an exercise of judicial discretion" *(Matter of Simpkins v Riley, supra,* at 1010-1011 [citation omitted] [emphasis supplied]).

Based upon our review of the record, we conclude that Supreme Court abused its discretion when it determined that respondent's position in the underlying CPLR article 78 proceeding was not "substantially justified". In its earlier appeal, petitioner not only sought to challenge respondent's revocation of his acceptance of petitioner's plan for filing, but also respondent's rejection of petitioner's second amendment declaring the plan effective. Therefore, in that proceeding, the

---

* Contrary to respondent's argument, favorable settlements can be considered in the determination of whether a party has "prevailed" *(see, Garcia v Bowen,* 702 F Supp 409; *Alspach v District Director of Internal Revenue,* 527 F Supp 225).

"position of the state" (CPLR 8602 [e]) was that both of these acts were proper. Although we modified Supreme Court's judgment by annulling respondent's revocation of his acceptance of petitioner's plan for filing, we upheld respondent's rejection of petitioner's second amendment declaring the plan effective based upon petitioner's failure to obtain the required minimum number of subscriptions in compliance with General Business Law § 352-eeee (1) (b) *(see, Matter of Centennial Restorations Co. v Abrams,* 180 AD2d 340, 343, 346-347, *supra).* Because one of the acts comprising respondent's "position" in the underlying CPLR article 78 proceeding was "substantially justified", petitioner is precluded from recovering counsel fees and other expenses under CPLR article 86.

Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; application denied; and, as so modified, affirmed.