*477 OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioner moves seeking attorneys’ fees pursuant to CPLR article 86 based upon the fact that petitioner was a prevailing party in two proceedings initiated pursuant to CPLR article 78. Respondents oppose the motion.
CPLR article 86 provides in pertinent part that: "a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust. Whether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official whose act, acts, or failure to act gave rise to the civil action.” (CPLR 8601 [a].)
Respondent is objecting to any award of attorneys’ fees on the grounds that the Department of Health (DOH) was "substantially justified” in its actions. The phrase " 'substantially justified’ ” has been authoritatively interpreted by the United States Supreme Court as " 'justified to a degree that could satisfy a reasonable person [or having a] "reasonable basis both in law and fact” ’ ” (Matter of Simpkins v Riley, 193 AD2d 1009, 1010, citing Pierce v Underwood, 487 US 552, 565).
Regardless of any earlier court rulings, this court does not give great deference to the Commissioner’s action now that that action has been held to be irrational by the Appellate Division.
Looking to the specifics of this case and the record which was before the respondent at the time of the determination in question this court holds that that determination was not substantially justified. In view of the fact that the agency had an obligation under section 2808 of the Public Health Law to reimburse the petitioner for actual mortgage interest expense, this court finds that the interest income from 1983 had no rational relationship to the interest expense petitioner incurred in latter years. Therefore this court finds that DOH was not substantially justified and attorneys’ fees will be awarded to the petitioner.
With regard to these fees the following rates are to be used: partners, $150 an hour, and associates, $100 an hour. Disbursements incurred in each proceeding will be reimbursed in full. As respondent does not challenge the time spent by *478 petitioner, only the rate, the award for attorneys’ fees shall be as follows: $23,642 in Eger I and $4,650 in Eger II.
All papers, including this decision and order, are being returned to petitioner’s attorney. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel are not relieved from the applicable provisions of that section respecting filing, entry and notice of entry.