[634 NYS2d 575]

In the Matter of CROSS-SOUND FERRY SERVICES, INC., Respondent, v DEPARTMENT OF TRANSPORTATION et al., Appellants.

Third Department, December 7, 1995

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Denise A. Hartman* and *Nancy A. Spiegel* of counsel), for appellants.

*Bond, Schoeneck & King,* Albany *(David R. Sheridan* of counsel), and *Covington & Burling,* Washington, D.C. *(Tod H. Cohen* and *Eugene D. Gulland* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In February 1993, New York, acting through respondent Department of Transportation (hereinafter DOT), and Connecticut jointly issued a request for proposals (hereinafter RFP) inviting contract bids for the development and operation of a high-speed ferry service between the two States. All proposals were required to be submitted by May 21, 1993. Prior to the deadline date, petitioner submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) dated May 10, 1993 for access to certain documents pertaining to the background of the RFP. Although petitioner's request was acknowledged, no other response was made and, on July 8, 1993, an appeal to DOT was filed without apparent response.

In addition, by letter dated May 25, 1993, petitioner presented another FOIL request, asking for copies of the proposals received in response to the RFP as well as related documents. DOT did reply to this request, denying access and alleging that disclosure "would impair present or imminent contract awards" (Public Officers Law § 87 [2] [c]). Petitioner's appeal from this determination was denied on July 15, 1993.

Petitioner then commenced this CPLR article 78 proceeding for a judgment directing respondents to comply with both FOIL requests as well as recovery of counsel fees. DOT then furnished a number of documents pursuant to the May 10, 1993 request. On September 3, 1993, respondents moved to dismiss the petition contending mootness of the May 10, 1993 request because of compliance and, furthermore, that there was no cause of action in regard to the May 25, 1993 request. Petitioner opposed the motion.

Prior to Supreme Court's decision on the motion, DOT announced that it had received two written proposals and that Long Island Sound Shuttle Limited Partnership (hereinafter LISSLP) had been conditionally awarded the contract. As a result, petitioner partially withdrew its May 25, 1993 FOIL request insofar as it related to the unsuccessful bidder. DOT thereafter provided petitioner with LISSLP's RFP response; however, substantial portions were redacted. On June 10, 1994, Supreme Court issued its decision finding the May 10, 1993

request to be moot. With respect to the May 25, 1993 request, however, the court ruled that respondents' allegations were conclusory and ordered them to, *inter alia*, make available to petitioner an unredacted copy of LISSLP's RFP response. The court also found that DOT had acted arbitrarily with respect to both of petitioner's FOIL requests and awarded petitioner counsel fees.[1] This appeal by respondents ensued.

■ Respondents argue that they had a reasonable basis for refusing to disclose the proposals because such documents would, if disclosed, "impair present or imminent contract awards" and, therefore, were exempt pursuant to Public Officers Law § 87 (2) (c). Under FOIL all agency records are presumptively available unless they fall within one of the statutory exemptions which are narrowly interpreted; the burden rests on the agency to prove their applicability (*see*, Public Officers Law § 87 [2]; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 79-81). Conclusory allegations are insufficient to satisfy this burden (*see*, *Matter of Polansky v Regan*, 81 AD2d 102, 103).

Respondents contend that DOT was justified in refusing to release any of the actual proposals prior to DOT's selecting LISSLP because this would have undermined the negotiating process. Even if this premise is accepted, once the contract was awarded to LISSLP, petitioner specifically limited its request to LISSLP's RFP response. The response did not include any intraagency confidential information which would assist in DOT's contract negotiations (*cf.*, *Matter of Professional Stds. Review Council v New York State Dept. of Health*, 193 AD2d 937, 939-940). Although this Court has determined that an agency's negotiating position could be impaired by the release of information upon which it relied in making its determination (*see*, *Matter of Murray v Troy Urban Renewal Agency*, 84 AD2d 612, 613, *affd* 56 NY2d 888), petitioner specifically stated that it was not "seeking any evaluative material or other internal * * * analyses that could reveal [DOT's] thinking and thereby compromise or undermine [DOT's] efforts to negotiate contracts". Once the contract was awarded, the terms of LISSLP's RFP response could no longer be competitively sensitive. DOT implicitly recognized the validity of petitioner's modified request by releasing a redacted version of LISSLP's RFP response. In our view, however, DOT failed to offer any factual support to justify forwarding only a redacted version.

1. Supreme Court did not directly rule on respondents' motion to dismiss and proceeded to the merits of the case. Neither party objected to this procedure either before that court or on appeal to this Court.

Respondents raise, for the first time on appeal, the contention that the redacted information constituted "trade secrets" under the exemption provided for in Public Officers Law § 87 (2) (d). They contend that because their motion to dismiss was pending at the time they released the redacted version of LISS-LP's RFP response, they had no opportunity to explain the rationale for the redactions. Respondents, however, offer no explanation for why DOT did not raise this exemption when it gave the redacted version to petitioner. In our view, DOT should, at that point, have given an explanation for providing a limited version. Furthermore, in a letter to Supreme Court, dated after DOT had given the redacted copy to petitioner, respondents noted that because the contractual process had progressed they had handed over the requested documents, making "this proceeding even more moot than it was". Again, no mention was made as to why only a redacted copy of LISS-LP's RFP response was provided. Simply, this record does not provide any basis to support respondents' position that there was no opportunity for them to set forth the argument that there was a trade secret exemption.

■■ We next address respondents' contention, in regard to the award of counsel fees, that Supreme Court erred by determining that DOT's position in denying access to the requested documents was not "substantially justified". This phrase has been interpreted to mean " 'justified to a degree that could satisfy a reasonable person [or having a] "reasonable basis both in law and fact" ' " (*Matter of Centennial Restorations Co. v Abrams*, 202 AD2d 721, 722, *lv dismissed* 83 NY2d 952, quoting *Pierce v Underwood*, 487 US 552, 565; *accord, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356).[2] The question of whether an agency's position was substantially justified "is committed to the sound discretion of the court of first instance" (*Matter of Simpkins v Riley*, 193 AD2d 1009, 1010-1011). Here, we find no reason to disturb Supreme Court's decision in awarding counsel fees with respect to the May 10, 1993 request. We do, however, reach a partially different conclusion with respect to its award in respect to the May 25, 1993 request.

---

2. Although this was a FOIL proceeding, counsel fees were not awarded pursuant to Public Officers Law § 89 (4) (c) (*cf., Matter of Legal Aid Socy. v New York State Dept. of Social Servs.*, 195 AD2d 151) but based on CPLR article 86. No objection to this procedure was raised by respondents and, accordingly, our decision is limited to whether the award was proper under CPLR article 86.

Turning first to petitioner's May 10, 1993 request, DOT simply did not respond to either the application (other than its acknowledgment) or to the appeal. It was only after petitioner commenced this proceeding that DOT released the requested information. No explanation was ever proffered by respondents as to why this information was withheld. With respect to the May 25, 1993 request, however, we cannot say that DOT acted arbitrarily or that it was not substantially justified in refusing the request prior to the award of the final contract to LISSLP. Therefore, Supreme Court erred in granting counsel fees for that portion of the proceeding that concerns DOT's initial refusal to provide the documents requested in the May 25, 1993 application. Nevertheless, once the contract was awarded to LISSLP, petitioner modified its May 25, 1993 request and sought only LISSLP's proposal. As noted, no explanation was proffered for giving petitioner only a redacted copy, and DOT's refusal to provide petitioner with an unredacted copy of LISS-LP's RFP response was unsupported by any facts. Thus, as with the May 10, 1993 request, the modified request by petitioner did not present a situation where it could be said that DOT's position was " 'substantially justified even though it was not correct' " (*Matter of Scibilia v Regan*, 199 AD2d 736, 737, quoting *Bio-Tech Mills v Jorling*, 152 Misc 2d 619, 621; *see*, *Matter of Serio v New York State Dept. of Correctional Servs.*, 215 AD2d 835). Thus, Supreme Court's judgment must be modified to the extent that counsel fees should be granted only insofar as this proceeding concerns the May 10, 1993 request and petitioner's modified request made after the contract was awarded to LISSLP.

CARDONA, P. J., MERCURE, CREW III, WHITE and PETERS, JJ., concur.

Ordered that the judgment is modified, on the law and the facts, with costs to petitioner, by reversing so much thereof as directed respondents to pay all of petitioner's counsel fees in this proceeding; respondents are directed to pay such fees in relation only to that portion of the proceeding involving the May 10, 1993 request and petitioner's modified request, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.