■ In the Matter of DAVID SUTHERLAND et al., Petitioners, and THOMAS BISSELL et al., Respondents, v ROBERT C. GLENNON, as Executive Director of the Adirondack Park Agency, et al., Appellants. [681 NYS2d 916] —Cardona, P. J. Appeal from a judgment of the Supreme Court (James, J.), entered September 16, 1997 in Hamilton County, which, in a proceeding pursuant to CPLR article 78, granted petitioners' application for an award of counsel fees.

When this case was previously before us (221 AD2d 893), we converted that portion of the petition/complaint seeking declaratory relief to a CPLR article 78 proceeding, granted the petition and annulled the determination of respondent Adirondack Park Agency (hereinafter APA) which found that petitioners had illegally filled certain wetlands in violation of the terms

of a subdivision permit issued in November 1987, as well as certain wetland regulations. The alleged wetlands were located on lot 5, a 17.5-acre parcel which petitioners Thomas Bissell and Jane Bissell (hereinafter collectively referred to as petitioners) sold to petitioners David Sutherland and Randy Sutherland in 1988. Before they sold the property, petitioners placed gravel in two areas of the lot. After their purchase, the Sutherlands placed gravel on two other areas of the lot. In January 1996, following our decision, petitioners made an application to this Court for an award of counsel fees pursuant to CPLR article 86. We denied the application without prejudice to it being made to the court of original instance. In June 1996, Supreme Court (Ferradino, J.) determined that petitioners were entitled to an award of counsel fees and directed a hearing to fix the amount. Thereafter, the court (James, J.) set the fee at $35,676. Respondents appeal.

Under CPLR article 86, the State "Equal Access to Justice Act", a prevailing party may obtain counsel fees and other expenses against the State "unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (CPLR 8601 [a]; *see, Matter of Centennial Restorations Co. v Abrams*, 202 AD2d 721, *lv dismissed* 83 NY2d 952). Since the State act is modeled after its Federal counterpart (*see*, 28 USC § 2412 [d]), cases arising under the State act look to Federal case law for guidance (*see*, CPLR 8600; *Matter of Centennial Restorations Co. v Abrams, supra*). The US Supreme Court has interpreted the phrase "substantially justified" to mean " 'justified to a degree that could satisfy a reasonable person [or having a] 'reasonable basis both in law and fact' " (*Matter of Simpkins v Riley*, 193 AD2d 1009, 1010, quoting *Pierce v Underwood*, 487 US 552, 565; *see, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356; *Matter of Centennial Restorations Co. v Abrams, supra*, at 722).

We further note that, absent an abuse of discretion, Supreme Court's determination to award counsel fees under CPLR article 86 is entitled to deference (*see, Matter of Moncure v New York State Dept. of Envtl. Conservation*, 218 AD2d 262, 267). Here, it appears that Supreme Court relied on the decision of this Court to support its conclusion that respondents were not substantially justified. However, the mere fact that respondents lost on the merits in the underlying proceeding does not presumptively entitle petitioners to an award of counsel fees (*see, New York State Clinical Lab. Assn. v Kaladjian, supra*, at 357; *Matter of Barnett v New York State Dept. of*

*Social Servs.*, 212 AD2d 696, 698, *lv dismissed* 85 NY2d 1032). CPLR 8601 (a) provides that "[w]hether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official whose act, acts, or failure to act gave rise to the civil action" (*see, Matter of Scibilia v Regan*, 199 AD2d 736).

Based upon our review of the administrative record, we conclude that respondents' position in the underlying proceeding was substantially justified. While three of the four areas filled by petitioners and the Sutherlands were described in the permit as being outside the nine-acre wetland area on lot 5, the causeway filled by petitioners and located between the 3.5-acre upland area and the island was not so explicitly described. Furthermore, although 9 NYCRR 578.1 (c) allows repairs to roads existing in wetlands, neither aerial photography nor the map submitted by petitioners on the subdivision permit application showed that a road existed on the causeway. While petitioners claimed that they were lawfully repairing an existing road pursuant to 9 NYCRR 578.1 (c), a sample taken from a trench cut partially across the causeway indicated that fill may have been placed directly on wetland vegetation in violation of both the permit and the regulation. Thus, there was some record support for respondents' position that the causeway was located in wetlands, and that placing fill on it without prior APA approval violated the permit and regulation. Therefore, there was some evidence which would lead a reasonable person to conclude that respondents' position regarding the causeway had a sound basis in law and fact. "Because one of the [violations] comprising respondent[s'] 'position' in the underlying CPLR article 78 proceeding was 'substantially justified', petitioner[s] [are] precluded from recovering counsel fees * * * under CPLR article 86" (*Matter of Centennial Restorations Co. v Abrams*, 202 AD2d 721, 723, *supra*).

In light of our decision, we need not address respondents' remaining contentions.

Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and application denied.