■ GUY SHAPIRA, Respondent, v ROBERT M. MORGENTHAU, as District Attorney of New York County, Appellant. [760 NYS2d 171] —Order, Supreme Court, New York County (Emily Goodman, J.), entered January 31, 2001, which, to the extent appealed from, directed appellant District Attorney to provide petitioner with a revised certificate of disposition and directed further proceedings with respect to the determination and award of attorneys' fees to petitioner, unanimously modified, on the law, to the extent of denying petitioner's cross motion for attorneys' fees in its entirety, and otherwise affirmed, without costs.

Petitioner was arrested for petit larceny and issued a desk appearance ticket, but the District Attorney did not file an accusatory instrument. Petitioner brought this CPLR article 78 proceeding seeking, in pertinent part, to compel the District Attorney to issue a certificate reflecting such disposition, and the District Attorney defaulted. The District Attorney then provided petitioner with a certificate stating, accurately, that there was no prosecution because the speedy trial period expired during the investigation. In denying the District Attorney's subsequent motion to vacate its default, the court ordered the District Attorney to issue a new certificate "reflecting the dismissal" without any explanatory language.

On appeal, the District Attorney argues that CPL 160.50 (3) (i) requires that in a situation such as petitioner's, a prosecutor is required to serve a certificate of disposition upon certain government agencies but not upon the arrested person. However, the District Attorney does not argue that its default should be vacated. Accordingly, since the order and judgment,

entered on default, directed that a certificate of disposition be provided to petitioner, the issue of whether the court properly made such a direction is not before this Court. The order appealed from does not represent a new directive; it merely represents a finding that the certificate of disposition furnished to petitioner did not satisfy the District Attorney's obligations under the original order and judgment which, we emphasize, was entered on default.

However, there is no basis for an award of attorneys' fees under CPLR 8601, which provides for such fees in civil actions against the State or any of its agencies or officials. Although the District Attorney may be viewed, for some purposes, as representing the State in criminal prosecutions (*see Matter of McGinley v Hynes*, 51 NY2d 116, 123 [1980], *cert denied* 450 US 918 [1981]), CPL 160.50 (3) (i) is invoked only after a decision not to prosecute has been made. In performing its ministerial functions under that section, the District Attorney acts as a local officer (*see* Public Officers Law § 2; Administrative Code of City of NY § 3-601 [b]; *Matter of Kelley v McGee*, 57 NY2d 522, 536 [1982]; *Ramos v City of New York*, 285 AD2d 284, 302-304 [2001]; *Myers v County of Orange*, 157 F3d 66 [1998], *cert denied* 525 US 1146 [1999]). In any event, there is no basis for an award of attorneys' fees, because the District Attorney's position and conduct with respect to affording petitioner the relief sought in his petition were "substantially justified" (*see Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356-358 [1995]). Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.