# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1323**
**CA 11-01151**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF LIGHTHOUSE POINTE PROPERTY
ASSOCIATES LLC, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, ALEXANDER B. GRANNIS, COMMISSIONER,
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, AND DALE A. DESNOYERS, DIRECTOR,
DIVISION OF ENVIRONMENTAL REMEDIATION,
RESPONDENTS-RESPONDENTS,
TOWN OF IRONDEQUOIT AND CITY OF ROCHESTER,
INTERESTED OR NECESSARY PARTIES.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an amended order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 18, 2010 in a proceeding pursuant to CPLR article 78.  The amended order, inter alia, denied the application of petitioner for counsel fees.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner appeals from an amended order that denied its application for an award of counsel fees pursuant to the New York State Equal Access to Justice Act ([EAJA] CPLR art. 86) and its motion pursuant to CPLR 2001 to supplement the application with information concerning petitioner's eligibility as a "party" pursuant to the EAJA. Petitioner sought an award of counsel fees with respect to litigation following an administrative determination in which respondent New York State Department of Environmental Conservation denied petitioner's applications for acceptance into the Brownfield Cleanup Program set forth in Environmental Conservation Law article 27, title 14. Petitioner submitted those applications with respect to its proposal to develop contiguous 22-acre and 25.4-acre parcels in the Town of Irondequoit and the City of Rochester, respectively, at a cost that petitioner estimated would range between $150 and $250 million (*Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation*, 61 AD3d 88, *revd* 14 NY3d 161).

The EAJA was designed to "improv[e] access to justice for individuals and businesses who may not have the resources to sustain a long legal battle against an agency that is acting without justification," and it was intended to be "limited to helping those who need assistance" (Governor's Mem approving L 1989, ch 770, 1989 McKinney's Session Laws of NY, at 2436; *see Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 351). We note that the issue whether petitioner's application is consistent with the policy underlying the EAJA is not before us.

On the merits, we affirm. Even assuming, arguendo, that Supreme Court erred in denying petitioner's motion to supplement its application for counsel fees, we conclude that petitioner did not meet its burden of establishing that it is a " '[p]arty' " eligible to receive an award pursuant to the EAJA (CPLR 8602 [d]; *see* CPLR 8602 [b]). In any event, petitioner would not be entitled to such an award inasmuch as respondents' position was "substantially justified" (CPLR 8601 [a]), i.e., it was " 'justified to a degree that could satisfy a reasonable person' " (*New York State Clinical Lab. Assn.*, 85 NY2d at 356, quoting *Pierce v Underwood*, 487 US 552, 565).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court