■ ROBERT PASTORE et al., Respondents-Appellants, and MARION TIMMES et al., Intervenors-Respondents-Appellants, v BARBARA J. SABOL, as Commissioner of New York City Department of Social Services, et al., Appellants-Respondents. [646 NYS2d 709] —In an action for a declaratory judgment and injunctive relief, (1) the defendants separately appeal, as limited by their briefs, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Posner, J.), dated May 23, 1994, as (a) declared that Social Services Law § 133 requires that the State and City provide applicants for public assistance with temporary assistance to meet their immediate medical needs, and (b) directed the New York State Department of Social Services, *inter alia,* to promulgate regulations, or implement an administering policy which requires State and City agencies to provide applicants for public assistance, including Medicaid applicants, with preinvestigative temporary assistance to meet their immediate medical needs and to provide applicants with written notice of the availability of such preinvestigative assistance, (2) the plaintiff and plaintiffs-intervenors cross-appeal from so much of the same order and judgment as (a) permitted the New York State Department of Social Services to implement the court's directives by nonregulatory means, and (b) denied their application for an award of attorneys' fees and expenses pursuant to CPLR article 86, and (3) the defendant Commissioner of the New York State Department of Social Services appeals, as limited by his brief, from so much of an order of the same court, dated November 25, 1994, as, upon granting the motion of the plaintiff and the plaintiffs-intervenors for reargument, awarded the plaintiff and the plaintiffs-intervenors attorneys' fees and expenses pursuant to CPLR article 86. The appeal by the Commissioner of the New York City Department of Social Services and the cross appeal by the plaintiff and the plaintiffs-intervenors from the order and judgment dated May 23, 1994, brings up for review so much of the order dated November 25, 1994, as, upon reargument, adhered to so much of the original determination as directed the New York State Department of Social Services, *inter alia,* to promulgate regulations or implement an administering policy which requires State and City agencies, *inter alia,* to provide applicants for public assistance with preinvestigative temporary assistance to meet their immediate medical needs.

Ordered that the appeal from so much of the order and judgment dated May 23, 1994, as directed the New York State Department of Social Services, *inter alia,* to promulgate regulations, or implement an administering policy which requires

State and City agencies to provide applicants for public assistance, including Medicaid applicants, with preinvestigative temporary assistance to meet their immediate medical needs and to provide applicants with written notice of availability of such preinvestigative assistance is dismissed, without costs or disbursements, as that portion of the order and judgment was superseded by the order dated November 25, 1994, made upon reargument; and it is further,

Ordered that the cross appeal by the plaintiff and the plaintiffs-intervenors from the order and judgment dated May 23, 1994, is dismissed, without costs or disbursements, as those portions of the order and judgment cross-appealed from were superseded by the order dated November 25, 1994, made upon reargument; and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the law, without costs or disbursements, and so much of the complaint as sought a declaration that Social Services Law § 133 requires that State and City agencies provide applicants for public assistance with temporary assistance to meet their immediate medical needs is dismissed as academic; and it is further,

Ordered that the order dated November 25, 1994, is reversed insofar as appealed from and reviewed, on the law, without costs or disbursements, so much of the order and judgment dated May 23, 1994, as directed the New York State Department of Social Services, *inter alia,* to promulgate regulations or implement an administering policy which requires State and City agencies to provide applicants for public assistance, including Medicaid applicants, with preinvestigative temporary assistance to meet their immediate medical needs and to provide applicants with written notice of availability of such preinvestigative assistance, is vacated, and the complaint is dismissed in its entirety as academic.

The plaintiff and plaintiffs-intervenors contend that they are entitled to temporary assistance to meet their immediate medical needs pending the determination of their Medicaid applications pursuant to Social Services Law § 133. After the plaintiff commenced this action, he was found eligible to receive Medicaid retroactive to the date of his application. Similarly, after the plaintiffs-intervenors moved to intervene in this action, they were found eligible to receive Medicaid retroactive to the date of their applications. Because the plaintiff and plaintiffs-intervenors had received the relief requested, the Supreme Court should have dismissed this action as academic (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713).

Moreover, the Supreme Court should have denied the plaintiff and the plaintiffs-intervenors' application for attorneys' fees pursuant to CPLR article 86, i.e., New York State Equal Access to Justice Act. Because this case should not have been decided on the merits, the plaintiff and the plaintiffs-intervenors are not the prevailing party as the term is defined in CPLR 8602 (f). Accordingly, they are not entitled to attorneys' fees (see, Matter of New York State Clinical Lab. Assn. v Kaladjian, 85 NY2d 346). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.