■ In the Matter of HENROIT AUGUSTE, Respondent, v MARVA L. HAMMONS, Respondent, and BRIAN J. WING, Appellant. [727 NYS2d 880] —Judgment, Supreme Court, New York County (Joan Madden, J., upon decision of Salvador Collazo, J.), entered December 20, 1999, which, to the extent appealed from as limited by the brief, in a hybrid CPLR article 78/declaratory judgment proceeding, granted petitioner's application for attorney's fees pursuant to 42 USC § 1988 and CPLR article 86, awarding petitioner attorney's fees in the principal amount of $11,000, unanimously reversed, on the law, without costs, and the application denied.

Respondent New York City Department of Social Services (DSS) restored petitioner's Medicaid benefits almost immediately after the commencement of this proceeding. In view of this, Supreme Court dismissed as moot petitioner's request, *inter alia*, for a judgment declaring unconstitutional respondents' method of terminating such benefits. Nevertheless, Supreme Court, apparently concluding that petitioner was the prevailing party, determined that petitioner was entitled to an award of attorney's fees. This was error.

While petitioner asserts that attorney's fees were authorized because the filing of the petition was the "catalyst" for the remedial action taken by DSS, namely a restoration of his benefits, this theory of recovery has recently been rejected by the United States Supreme Court (*Buckhannon Bd. & Care Home v West Virginia Dept. of Health & Human Resources*, 531 US 1004; *see also, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 354 [standard for prevailing party status under State Equal Access to Justice Act stricter than Federal counterpart]). Since Supreme Court did not issue an enforceable judgment on the merits of petitioner's constitutional claims, there was no material alteration in the legal relationship of the parties sufficient to support an award of attorney's fees (*Buckhannon, supra*). Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.