■ Michael Murrin, Appellant, v Ford Motor Company, Respondent. [756 NYS2d 596] —In an action, inter alia, to recover damages for a violation of General Business Law § 349, breach of contract, and breach of express warranty, the plaintiff appeals (1) from an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 5, 2001, which, among other

things, granted the defendant's motion to dismiss the complaint, and (2), as limited by his brief, from so much of an order of the same court, dated January 18, 2002, as, upon granting renewal and reargument, adhered to the original determination. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated October 5, 2001, is dismissed, as that order was superseded by the order dated January 18, 2002, made upon renewal and reargument; and it is further,

Ordered that the order dated January 18, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff purchased a 2001 Ford F-150 truck with an optional trailer towing package from an undisclosed seller in February 2001. This option package was specified to include an upgraded radiator. Upon delivery of the truck, the plaintiff learned that it was not equipped with an upgraded radiator and that a large number of other purchasers also ordered but did not receive the radiator upgrade. When the manufacturer of the F-150 truck, the defendant Ford Motor Company (hereinafter Ford), failed to upgrade the plaintiff's radiator, he commenced this action against Ford on behalf of persons who purchased or leased Ford F-150 trucks, model years 1999, 2000, or 2001, which were specified to include radiator upgrades from the standard radiator, but which were delivered without the specified upgraded radiators. The plaintiff alleged that Ford breached its contractual obligations, breached its express warranties, and violated General Business Law § 349 by failing to furnish the upgraded radiators as specified. Ford successfully moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

After the complaint was dismissed, Ford announced a customer satisfaction program offering the plaintiff and some members of the proposed class, cash discounts toward the purchase of another Ford vehicle, or a free radiator upgrade. Ford explained that the mistake in the specifications of the F-150 was a publication error. Thereafter, the plaintiff moved for leave to renew and reargue, contending that Ford admitted the allegations in the complaint, but the Supreme Court adhered to its prior determination.

Assuming the truth of the allegations in the complaint and according the plaintiff the benefit of all favorable inferences, the Supreme Court properly dismissed the complaint (see CPLR 3013; Edmond v International Bus. Machs. Corp., 91 NY2d 949

[1998]). While an express warranty may be formed by advertisements (*see Funk v Kaiser-Frazer Sales Corp.,* 23 AD2d 771 [1965]), and privity is not required to sustain a cause of action seeking to recover damages for breach of an express warranty (*see Randy Knitwear v American Cyanamid Co.,* 11 NY2d 5 [1962]), the plaintiff failed to plead his cause of action to recover damages for breach of an express warranty with the requisite specificity (*see* CPLR 3013). In particular, the plaintiff failed to allege that he understood that the Ford advertisements, stating certain vehicle specifications that were not ultimately met, were part of the bargain or that he even was aware of any of these advertisements before his purchase (*see CBS, Inc. v Ziff-Davis Publ. Co.,* 75 NY2d 496 [1990]). Accordingly, he failed to allege an essential element of the formation of an express warranty pursuant to UCC 2-313.

Moreover, by failing to plead or ever identify the seller of his Ford vehicle, the plaintiff failed to properly plead the necessary provisions of the contract upon which his breach of contract claim was based and failed to plead the very existence of that contract (*see Stabulas v Brooks Piece Dye Works Corp.,* 111 AD2d 803 [1985]).

The plaintiff also did not adequately plead a cause of action alleging a violation of General Business Law § 349, since he failed to allege that the deceptive acts complained of took place within the State of New York (*see Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314 [2002]). Finally, the plaintiff is not entitled to an attorney's fee merely because Ford voluntarily chose to offer the relief sought in the dismissed complaint (*see Auguste v Hammons,* 285 AD2d 417 [2001]). Prudenti, P.J., Santucci, Goldstein and Cozier, JJ., concur.