■ In the Matter of DAVID S. VETTER, Appellant-Respondent, v BOARD OF EDUCATION, RAVENA-COEYMANS-SELKIRK CENTRAL SCHOOL DISTRICT, et al., Respondents-Appellants. [863 NYS2d 503]—

Stein, J. Cross appeals from a judgment of the Supreme Court (Platkin, J.), entered April 18, 2007 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to, among other things, provide petitioner with 30 days' salary pursuant to Education Law § 3019-a.

Petitioner was a probationary teacher of physical education and health education employed by respondent Board of Education, Ravena-Coeymans-Selkirk Central School District during the 2005-2006 school year, when several students made written complaints that petitioner had walked through the middle school girls' locker room while females were changing their clothes. Petitioner was placed on administrative leave while an investigation was conducted. On May 12, 2006, respondent Vicki A. Wright, Superintendent of respondent Ravena-Coeymans-Selkirk Central School District, informed petitioner that she planned to recommend his termination, effective July 19, 2006, at a meeting of the Board to be held on June 19, 2006. On June 21, 2006, the Board terminated petitioner's employment, effective July 21, 2006, but did not notify petitioner in writing until a letter dated July 19, 2006 was sent to him.

Petitioner commenced the instant CPLR article 78 proceeding, seeking a name-clearing hearing pursuant to US Constitution 14th Amendment and 42 USC § 1983, payment of 30 days' salary in accordance with Education Law § 3019-a and an award of counsel fees pursuant to 42 USC § 1988. Without conceding that petitioner was entitled to a name-clearing hearing, the

district agreed to provide him with one. Supreme Court awarded petitioner counsel fees related to his attempt to secure the name-clearing hearing, but denied his request for 30 days' salary. Petitioner now appeals from Supreme Court's denial of his application for the salary and respondents cross-appeal from the award of counsel fees.

When a school district seeks to terminate a probationary teacher and fails to provide the 30 days' notice required by Education Law § 3019-a, the district must provide "one day's pay for each day the notice was late" (*Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d 274, 278 [1993]). Here, it is uncontroverted that respondents gave petitioner only two days' notice of his termination—28 days less than the required 30 days' notice. However, respondents argue that, because the time during which salary would be paid on account of the late notice fell during the summer vacation—a time when petitioner did not work and, therefore, would not otherwise have been paid—petitioner was not entitled to receive any pay based upon the district's failure to provide the requisite notice. We agree.

There is no statutory remedy for violation of the notice requirements of Education Law § 3019-a. Rather, the provision for payment to a probationary teacher based upon inadequate notice was created by the courts (*see Matter of Zunic v Nyquist*, 48 AD2d 378, 380 [1975], *affd* 40 NY2d 962 [1976]). We have indicated that Education Law § 3019-a is intended to "provide[ ] a mechanism which insures a teacher actual notice of the termination so that he [or she] may seek other means of support" (*Matter of Zunic v Nyquist*, 48 AD2d at 380), and we have described the payment as "nothing more than transitional aid" (*id.*). Thus, the purpose of the payment is clearly compensatory, not punitive (*see Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d at 278 [addressing the notice requirements of Education Law § 2573 (1) (a)]). Had the Legislature intended there to be a financial penalty for the failure to comply with the statutory notice requirement, it could have so provided.

Here, there is no evidence that petitioner would have been entitled to any pay during the period in question if he had not been terminated. Under these circumstances, the payment of salary to petitioner would, in effect, provide a windfall to him and would not serve the purposes for which such payment was

intended.[1] We, therefore, find that Supreme Court properly denied petitioner's request for 28 days of pay based upon respondents' failure to comply with Education Law § 3019-a.[2]

Turning to respondents' cross appeal, we agree that Supreme Court erroneously awarded petitioner counsel fees. The United States Supreme Court has clearly held that a voluntary resolution of a matter "lacks the necessary judicial imprimatur" to warrant "an award of attorney's fees" (*Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources*, 532 US 598, 604-605 [2001]). Here, since petitioner's success in obtaining a name-clearing hearing was the result of the voluntary actions of respondents, which was not enforced by a consent decree or judgment of Supreme Court, the award of counsel fees was improper (*see id.* at 603-605; *Murrin v Ford Motor Co.*, 303 AD2d 475, 477 [2003]; *Matter of Auguste v Hammons*, 285 AD2d 417, 418 [2001]).

We find any remaining arguments, to the extent not addressed herein, to be unpersuasive.

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded petitioner counsel fees; petition dismissed to that extent; and, as so modified, affirmed.

---

1. We find *Matter of Pascal v Board of Educ. of City School Dist. of City of N.Y.* (100 AD2d 622 [1984] [no entitlement to offset for any earnings or unemployment benefits]) to be distinguishable as the earnings and benefits received by the teacher therein came from sources other than the school district.

2. We note that, insofar as certain court decisions and determinations of the Commissioner of Education cited by petitioner appear to authorize salary payments, some of which covered days during the summer, it does not appear that they specifically addressed the issue raised herein. Further, to the extent that they are inconsistent with our determination here, we decline to follow them.