[926 NE2d 589, 900 NYS2d 235]

In the Matter of DAVID S. VETTER, Appellant, v BOARD OF EDUCA-TION, RAVENA-COEYMANS-SELKIRK CENTRAL SCHOOL DIS-TRICT, et al., Respondents.

Argued January 5, 2010; decided February 11, 2010

---

APPEARANCES OF COUNSEL

*James D. Bilik*, Latham, and *James R. Sandner* for appellant.

*Shaw, Perelson, May & Lambert, LLP*, Poughkeepsie (*Mark C. Rushfield* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this memorandum and, as so modified, affirmed.

Petitioner David Vetter was employed for the 2005-2006 school year as a probationary teacher by respondent Ravena-Coeymans-Selkirk Central School District. On June 21, 2006, respondent Board of Education voted to terminate petitioner as of July 21, 2006 based on allegations of misconduct. The Board did not provide petitioner with written notice of its action until almost a month later—two days before his termination was to be effective. Petitioner commenced this CPLR article 78 proceeding seeking an award of salary for 28 days due to the Board's

violation of Education Law § 3019-a; a name-clearing hearing under federal due process principles; and counsel fees pursuant to 42 USC § 1988.[1]

Supreme Court denied petitioner's Education Law § 3019-a claim but granted his application for attorneys' fees. The Appellate Division modified by reversing the award of counsel fees and otherwise affirmed, reasoning that petitioner was not entitled to 28 days of pay because the applicable notice period occurred during summer vacation, a period when petitioner would not have received compensation (53 AD3d 847 [3d Dept 2008]). We granted petitioner leave to appeal (12 NY3d 713 [2009]).

Education Law § 3019-a requires school authorities to give probationary teachers written notice of termination at least 30 days before the effective date of termination.[2] Similarly, where a probationary teacher is not recommended for tenure, the superintendent must issue written notice of that decision no later than 60 days before the probationary period expires (*see* Education Law § 2573 [1] [a]). The purpose underlying these notice provisions is to allow teachers whose services are to be discontinued a period of time to seek other employment (*see Matter of Zunic v Nyquist*, 48 AD2d 378, 380 [3d Dept 1975], *affd on op below* 40 NY2d 962 [1976]). Although the 30-day and 60-day notice statutes do not specify a remedy in the event of noncompliance, we determined in *Matter of Tucker v Board of Educ., Community School Dist. No. 10* (82 NY2d 274 [1993]), an Education Law § 2573 (1) (a) case, that teachers are entitled to "one day's pay for each day the notice was late" (*id.* at 278).

Here, the Board concedes that it failed to comply with Education Law § 3019-a but contends that a compensation remedy is inappropriate because the 28 days fell during summer vacation, a period when petitioner would not have been paid any salary had he received timely notice. But the same was true in *Tucker*, where a portion of the 52-day period extended into July and

---

**1.** The Board subsequently agreed to grant petitioner a name-clearing hearing.

**2.** Education Law § 3019-a correspondingly obligates probationary teachers to provide at least 30 days' written notice prior to leaving their positions. Failure to comply with this mandate subjects the teacher to disciplinary sanctions imposed by the Commissioner of Education (*see Matter of Union Free School Dist. No. 5 of Town of Greenburgh, Westchester County*, 8 Ed Dept Rep 31, 32 [Decision No. 7893] [1968]; *see also Matter of Board of Educ. of City School Dist. of City of Port Jervis v Burke*, 94 Misc 2d 369, 371 [Sup Ct, Orange County 1978]).

August. In that petitioner was only given two days' notice, we conclude that a remittal is necessary for the calculation of an award of 28 days' salary.

We agree, however, with the Appellate Division that petitioner was not entitled to counsel fees under 42 USC § 1988 (*see Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources*, 532 US 598 [2001]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order modified, etc.