================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 24
In the Matter of Luz Solla,
          Respondent,
        v.
Elizabeth Berlin &c.,
          Appellant,
et al.,
          Respondents.




          Cecelia C. Chang, for appellant.
          Peter A. Kempner, for respondent Solla.
          Peter Vollmer; Robin Schimminger; The Association of
the Bar of the City of New York; The Legal Aid Society et al.,
amici curiae.




MEMORANDUM:

          The order of the Appellate Division should be reversed,

without costs, petitioner's application for attorneys' fees

denied, and the certified question answered in the negative.

          After the New York City Human Resources Administration

(HRA) reduced petitioner's shelter allowance, she requested a

- 1 -

"fair hearing" before the New York State Office of Temporary and
Disability Assistance (OTDA).  At the hearing, HRA, a City
agency, agreed to reverse its decision and restore petitioner's
lost benefits retroactively.  OTDA, a State agency, issued a
"Decision after Fair Hearing" consistent with HRA's
representation.  HRA did not act immediately, and petitioner's
attorney contacted OTDA, seeking enforcement of its decision.
OTDA responded by letter stating that, to its knowledge, HRA had
complied.

Petitioner next commenced this article 78 proceeding
seeking to compel HRA and another City agency to comply with, and
OTDA to enforce, OTDA's decision.  There is no dispute that HRA
subsequently restored petitioner's shelter allowance and paid
retroactive benefits.  OTDA sought dismissal of the proceeding,
since HRA had by then fully complied with OTDA's ruling.

Petitioner then sought attorneys' fees from the State
under New York State's Equal Access to Justice Act (EAJA) (CPLR
article 86), which "create[d] a mechanism authorizing the
recovery of counsel fees and other reasonable expenses in certain
actions against the state of New York, similar to the provisions
of federal law contained in 28 USC § 2412 (d) and the significant
body of case law that has evolved thereunder" (CPLR 8600).
Petitioner contended that she should be deemed a "prevailing
party" within the meaning of CPLR 8601 and 8602 (f) and therefore
entitled to attorneys' fees, because her initiation of the

lawsuit was a catalyst for the relief she sought, namely HRA's compliance.

Supreme Court dismissed the proceeding as moot, and denied her application for attorneys' fees on the ground that no relief had been granted to her by the court, citing the United States Supreme Court's decision in <u>Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health and Human Resources</u> (532 US 598 [2001]) and the First Department's decision in <u>Auguste v Hammons</u> (285 AD2d 417 [1st Dept 2001]).  <u>Buckhannon</u> held, with respect to the fee-shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, that a fee claimant is a "prevailing party" only if he or she has obtained "some relief by the court" (<u>Buckhannon</u>, 532 US at 603).  That decision, rejecting the catalyst theory, was applied to the "prevailing party" requirement of CPLR article 86 in <u>Auguste</u>.

On appeal, petitioner challenged only Supreme Court's denial of her application for attorneys' fees.  The Appellate Division reversed Supreme Court's order and judgment, insofar as appealed from, granted petitioner's application for attorneys' fees, and remanded for a hearing on their amount (106 AD3d 80 [1st Dept 2013]).

In doing so, the Appellate Division overruled its own decision in <u>Auguste</u> and, for the first time, recognized the catalyst theory (<u>id.</u> at 81-93).  Observing that the New York

State EAJA was modeled on the federal EAJA, the court reasoned that New York courts must interpret the state statute according to the federal judiciary's understanding of the federal EAJA as of 1989, when the New York statute was enacted.  At that time, the catalyst theory was a standard generally accepted by United States Courts of Appeals in evaluating whether to award counsel fees under the federal EAJA (id. at 87-88; see Buckhannon, 532 US at 602 n 3 [citing decisions from federal Courts of Appeals recognizing the theory]).  The Appellate Division reasoned, *inter alia*, that if the New York State Legislature had intended "to restrict the statute further by eliminating application of the theory, it would have incorporated that into the text" (106 AD3d at 87-88 [citations omitted]).  One Justice dissented, agreeing with the majority that "we are not required to accept Buckhannon's rejection of the catalyst theory," but "fail[ing] to see any reason not to adopt Buckhannon's sound logic" (id. at 96 [Sweeney, J., dissenting] [emphasis in original]).

Subsequently, the Appellate Division granted respondent leave to appeal to this Court, certifying the question whether its order had been properly made.  We answer the certified question in the negative.

Assuming, without deciding, that the catalyst theory applies to the definition of a "prevailing party" for the purpose of CPLR 8601, petitioner cannot recover attorneys' fees on that theory in any event.  Under the pre-Buckhannon federal precedent

that petitioner would have us apply, a fee claimant recovers attorneys' fees only if his or her lawsuit prompted a change in position by the party from which claimant seeks reimbursement (see Citizens Coalition for Block Grant Compliance, Inc. v Euclid, 717 F2d 964, 966-967 [6th Cir 1983]; accord Omaha Tribe of Nebraska v Swanson, 736 F2d 1218, 1221 [8th Cir 1984]).  "The party from which plaintiffs seek their fees and costs" must be "prompted into action" in order for fees to be recoverable (Idaho Conservation League, Inc. v Russell, 946 F2d 717, 721 [9th Cir 1991]).

　　　　Here, petitioner seeks payment of attorneys' fees from the State of New York.  But the State has consistently sided with petitioner regarding HRA's reduction of her shelter allowance. The City altered its position following petitioner's commencement of this proceeding, but the State did not.  Consequently, petitioner could not recover attorneys' fees under CPLR article 86 even if the catalyst theory were New York law.  Therefore, the Appellate Division erred in granting petitioner's application.

　　　　It is unnecessary for us to decide whether the catalyst theory is New York law, and we take no position on that question at this time.

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Order reversed, without costs, petitioner's application for attorneys' fees denied and certified question answered in the negative, in a memorandum.  Chief Judge Lippman and Judges Read, Pigott, Rivera and Abdus-Salaam concur.  Judges Stein and Fahey took no part.

Decided February 19, 2015