In the Matter of KILZY GONZALEZ, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [59 NYS3d 393]—

Appeal from an order of the Supreme Court, Westchester County (Barry E. Warhit, J.), dated May 11, 2015. The order denied the petitioner's motion pursuant to CPLR 8601 for an award of attorneys' fees and expenses.

Ordered that the order is affirmed, with costs.

In July 2014, the petitioner, a pregnant inmate, was accepted into the Nursery Program at Bedford Hills Correctional Facility (hereinafter the facility), which allows for an inmate who gives birth while incarcerated to remain with her newborn child in the facility's nursery for up to 18 months after the child's birth. In October 2014, the petitioner was found guilty of disciplinary infractions. On October 30, 2014, Sabina Kaplan, the Superintendent of the facility, advised the petitioner that she was withdrawing her approval for the petitioner to participate in the Nursery Program "based on [the petitioner's] disciplinary record and questions regarding [the petitioner's] stability." The petitioner requested that Kaplan reconsider her decision.

In a letter dated November 19, 2014, Kaplan stated that "[b]ased upon the two misbehavior reports received while in the Nursery, and [the petitioner's] emotional instability," she was "denying [the petitioner's] appeal for the Nursery Program." On that same date, the petitioner commenced this CPLR article 78 proceeding against the New York State Department of Corrections and Community Supervision (hereinafter the DOCCS), Kaplan, and Anthony Annucci, the Commissioner of the DOCCS (hereinafter collectively the respondents), inter alia, to review that determination, and simultaneously filed an order to show cause seeking a temporary restraining order and a preliminary injunction mandating that the respondents admit her to the Nursery Program. The Supreme Court signed the order to show cause and directed that the petitioner be admitted to the Nursery Program upon the birth of her child pending the hearing and determination of the proceeding. On November 21, 2014, the petitioner gave birth to a baby girl, and she entered the Nursery Program three days later, on November 24, 2014.

On December 24, 2014, the respondents filed a verified answer generally denying the material allegations in the petition and asserting that the decision to remove the petitioner from the Nursery Program was not arbitrary and capricious. On December 30, 2014, Kaplan advised the petitioner that based on the petitioner's "positive adjustment" in the Nursery, she had decided to "overturn [her] denial of [the petitioner's] placement in the Nursery." Kaplan noted that her "approval is contingent upon [the petitioner's] continued positive adjustment." The parties subsequently entered into a so-ordered stipulation dated January 30, 2015, pursuant to which the respondents "agreed to place Petitioner in the Nursery with all the rights and privileges accorded to Nursery participants," and

the petitioner withdrew "her Article 78 Petition in this matter without prejudice to any other claims she may have."

In February 2015, the petitioner moved pursuant to the New York State Equal Access to Justice Act (CPLR art 86 [hereinafter the State EAJA]) for an award of attorneys' fees and expenses. In an order dated May 11, 2015, the Supreme Court denied the petitioner's motion on the ground that the petitioner was not a "prevailing party" under CPLR 8601 (a) and 8602 (f) because she did not obtain, in large or substantial part, the relief sought in the petition. The court rejected her alternative argument that even if the "catalyst" theory applied to the definition of prevailing party under the State EAJA, this proceeding was not the catalyst for the respondents' voluntary decision to readmit the petitioner into the Nursery Program. The court further concluded, in any event, that the respondents' position was substantially justified and special circumstances made an award unjust. The petitioner appeals.

Under the State EAJA, "a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (CPLR 8601 [a]). CPLR 8601 (b) provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application which sets forth (1) the facts supporting the claim that the party is a prevailing party and is eligible to receive an award under this section, (2) the amount sought, and (3) an itemized statement from every attorney or expert witness for whom fees or expenses are sought stating the actual time expended and the rate at which such fees and other expenses are claimed." "CPLR article 86 is in derogation of the common law and therefore should be strictly construed" (*Matter of Sin Hang Lee v Higgins*, 213 AD2d 553, 553-554 [1995]; *see Matter of Rivers v Corron*, 222 AD2d 863, 864 [1995]).

The State EAJA was enacted to "improv[e] access to justice for individuals and businesses who may not have the resources to sustain a long legal battle against an agency that is acting without justification," and was intended to "provid[e] recompense for the cost of correcting official error . . . as long as it is limited to helping those who need assistance, it does not deter State agencies from pursuing legitimate goals and it contains adequate restraints on the amount of fees awarded" (Governor's Approval Mem, Bill Jacket, L 1989, ch 770 at 20; *see Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346,

351 [1995]). "The State EAJA was modeled on the Federal Equal Access to Justice Act 'and the significant body of case law that has evolved thereunder' " (*Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d at 351 [citation omitted], quoting CPLR 8600; *see Matter of Mitchell v Bane*, 218 AD2d 537, 540 [1995]).

We conclude that the Supreme Court properly determined that the petitioner was not a "prevailing party" under CPLR 8601 (a) and 8602 (f), albeit for a different reason. Contrary to the petitioner's contention, the stipulation entered into between the parties on January 30, 2015, which was so-ordered by the court, did not reflect a material change in the legal relationship between the parties because the petitioner's claims had already been rendered moot by Kaplan's voluntary decision on December 30, 2014, to vacate her earlier decision removing the petitioner from the Nursery Program (*see Murrin v Ford Motor Co.*, 303 AD2d 475 [2003]; *Pastore v Sabol*, 230 AD2d 835, 836 [1996]; *see also Texas State Teachers Assn. v Garland Independent School Dist.*, 489 US 782, 792-793 [1989]; *Ma v Chertoff*, 547 F3d 342, 344 [2d Cir 2008]; *Elliott v U.S. Dept of State*, 122 F Supp 3d 39, 43 [SD NY 2015]). Furthermore, the petitioner did not achieve prevailing party status by obtaining a temporary restraining order and a preliminary injunction from the court directing the respondents to admit the petitioner to the Nursery Program pending the outcome of the proceeding (*see Mastrio v Sebelius*, 768 F3d 116, 120-121 [2d Cir 2014]; *cf. Matter of Graves v Doar*, 87 AD3d 744, 746 [2011]).

Accordingly, the Supreme Court properly denied the petitioner's motion pursuant to CPLR 8601 for an award of attorneys' fees and expenses. In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.