Matter of Clarke v Annucci (2021 NY Slip Op 00473)





Matter of Clarke v Annucci


2021 NY Slip Op 00473


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

530784

[*1]In the Matter of Jason Clarke, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Prisoners' Legal Services of New York, Ithaca (Hallie E. Mitnick of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered December 5, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for counsel fees.
In August 2018, petitioner was removed from his cell at Five Points Correctional Facility for not responding to an order to take down "linens and paper" that were covering his cell. At the time, petitioner was housed in the Residential Mental Health Unit and "was on a one-on-one self harm watch." As a result of the incident, petitioner was issued a misbehavior report and charged with several prison disciplinary violations. A hearing was held at which petitioner pleaded not guilty to all charges. At the conclusion of the hearing, petitioner was found guilty of all charges except one. The disposition notes that petitioner's "mental health status was taken into consideration and deemed not to be a factor at the time of the incident."
Petitioner filed an administrative appeal, followed by a supplemental appeal. The hearing and disposition were affirmed. After an administrative review, respondent modified the disposition by reducing the penalty imposed. Petitioner asked respondent for reconsideration, asserting that the Hearing Officer failed to properly consider petitioner's mental health. Respondent declined, and, in March 2019, petitioner commenced a CPLR article 78 proceeding alleging, among other things, that respondent failed to consider his mental health. On May 6, 2019, prior to any determination by a court, respondent administratively reversed the disposition and expunged it from petitioner's institutional record. Thereafter, respondent moved, on May 9, 2019, to dismiss the proceeding as moot. Petitioner did not oppose the motion, and Supreme Court, by order entered August 1, 2019, dismissed the petition.
Thereafter, petitioner moved for counsel fees, and respondent opposed the motion. Supreme Court denied the motion holding that petitioner was not a prevailing party within the definition of the statute, that there was no indication that respondent's position was unreasonable and, in any event, the request for counsel fees was excessive. Petitioner appeals, and we affirm.
Petitioner contends that he is entitled to counsel fees because he prevailed in the litigation under the "catalyst theory."[FN1] The Equal Access to Justice Act (see CPLR art 86 [hereinafter EAJA]) allows the recovery of counsel fees and other reasonable expenses in certain actions against the state. A court may award counsel fees where a petitioner has established that (1) he or she is the prevailing party in the proceeding, (2) the respondent's position was not substantially justified, (3) no special circumstances make an award unjust, and (4) the petition was timely filed (see CPLR 8601 [a], [b]). "'Prevailing party' means a plaintiff or petitioner in the civil action against the state who prevails in whole or in substantial part where such party and the [*2]state prevail upon separate issues" (CPLR 8602 [f]). "'Final judgment' means a judgment that is final and not appealable, and settlement" (CPLR 8602 [c]).
Numerous federal statutes allow courts to award counsel fees and costs to a prevailing party. The EAJA became law in 1989 and is modeled after the federal Equal Access to Justice Act, which is found in 28 USC § 2412. At the time of the enactment of the EAJA, federal courts allowed recovery of counsel fees based on the catalyst theory. However, this changed in 2001 when the United States Supreme Court held that the catalyst theory is not a permissible basis for the award of counsel fees since a respondent's voluntary change in conduct lacks the necessary judicial imprimatur (see Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources, 532 US 598, 605 [2001]). We note that, in 2013, the First Department adopted the catalyst theory (Matter of Solla v Berlin, 106 AD3d 80, 93 [2013], revd on other grounds 24 NY3d 1192 ([2015]). However, the Court of Appeals subsequently reversed that case on other grounds without addressing the issue (Matter of Solla v Berlin, 24 NY3d 1192 [2015]).
Although this Court has not decided whether it will adopt the catalyst theory in EAJA cases, when this Court has been asked to adopt the catalyst theory in other counsel fee award cases, it has declined to do so as the "United States Supreme Court has clearly held that a voluntary resolution of a matter lacks the necessary judicial imprimatur to warrant an award of [counsel] fees" (Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist., 53 AD3d 847, 849 [2008] [internal quotation marks and citations omitted], mod on other grounds 14 NY3d 729 [2010]; see Swergold v Cuomo, 99 AD3d 1141, 1145 [2012], lv denied 20 NY3d 859 [2013]). In Matter of Vetter v Board of Educ., Ravena-Coeyman-Selkirk Cent. School Dist. (14 NY3d 729, 732 [2010]), the Court of Appeals specifically agreed that the petitioner was not entitled to counsel fees, citing Buckhannon. The same reasoning applies here. The change in the legal relationship was accomplished prior to answering the petition, was based on the voluntary actions of the Department of Corrections and Community Supervision, and was "not enforced by a consent decree or judgment of Supreme Court" (Swergold v Cuomo, 99 AD3d at 1145 [internal quotation marks and citation omitted]; see Matter of Gonzalez v New York State Dept. of Corr. & Community Supervision, 152 AD3d 680, 683 [2017]). As such, petitioner is not entitled to an award of counsel fees.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The catalyst theory posits that a petitioner is a prevailing party if the desired result is achieved because the proceeding brought about the voluntary change in the respondent's conduct (see Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources, 532 US 598, 601 [2001]).