| **Moore v Board of Educ. of the City Sch. Dist. of the City of N.Y.** |
|:---:|
| 2024 NY Slip Op 33080(U) |
| September 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160087/2020 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. DEBRA A. JAMES**</u>    **PART**   **59**

*Justice*

-------------------------------------------------------------------------------X

JOMANI MOORE,

                          Petitioner,

For a Judgment pursuant to Article 78 of the Civil Practice
Laws and Rules,

                        - v -

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, and RICHARD A.
CARRANZA, in his official capacity as Chancellor of the City
School District of the City of New York,

                          Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>160087/2020</u> |
| **MOTION DATE** | <u>10/25/2023</u> |
| **MOTION SEQ. NO.** | <u>001</u> |

**ORDER –
RESETTLED/AMENDED
(MOTION RELATED)**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 30, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for          <u>ARTICLE 78 (BODY OR OFFICER)</u>   .

Upon the foregoing documents, it is

ORDERED that the Order dated April 25, 2024, resolving motion sequence number 001 in this proceeding, is VACATED, RESETTLED, AND CORRECTED, <u>nunc</u> <u>pro</u> <u>tunc</u>, pursuant to CPLR § 5019(a) [see <u>Kiker v Nassau County</u>, 85 NY2d 879 (1995)] as follows:

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED and ADJUDGED that the petition of JOMANI MOORE, pursuant to CPLR Article 78, is GRANTED in part, to the extent that the petitioner is awarded 23 days salary, and it is further

**160087/2020 MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**
**Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

ORDERED that matter is remanded to respondents for the calculation of an award of 23 days' salary; and it is further

ORDERED to the extent that petitioner seeks attorneys' fees and interest, such application is denied and dismissed (see Bello v Roswell Park Cancer Institute, 5 NY3d 170 [2005]); and it is further

ORDERED that this matter is remanded to respondents for the calculation of an award of 23 days' salary to petitioner, which respondents shall pay petitioner, forthwith.

## 7DECISION

Petitioner Jomani Moore ("Moore"), a probationary teacher, commenced this proceeding against the respondents Board of Education of the City School District of the City of New York, and Richard A. Carranza, in his official capacity as Chancellor of the City School District of the City of New York (collectively, the "Board") seeking an award of salary for 30 days due to the Board's violation of the 30-day requirement set forth in Education Law § 3019.

"Education Law § 3019-a requires school authorities to give probationary teachers written notice of termination at least 30 days before the effective date of termination." Matter of Vetter v Bd. of Educ., 14 NY3d 729, 731 (2010).

On June 22, 2020, the Board, by its District 75 Superintendent, notified petitioner that

**160087/2020   MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**                **Page 2 of 4**
   **Motion No.  001**

2 of 4

[* 2]

"This is to inform you that on June 22, 2020, I will review and consider whether your services as a probationer be discontinued as of the close of business July 22, 2020.
* * *
[Y]ou may submit a written response to the reasons no later than seven (7) days prior to the date of my consideration and final determination of your Discontinuance."

Then, by letter dated July 15, 2020, the Board, by its District 75 Superintendent, wrote petitioner that:

"This is to inform you that after reviewing written response received on July 15, 2020. (sic) I reaffirm your Discontinuance of Probationary service effective close of business July 22, 2020."
(NYSCEF Document Number 003).

The employment and payment records submitted by the Board establish that Moore remained on the Board's payroll until September 1, 2020 (NYSCEF Document Numbers 014-016). This court finds that the letter dated June 20, 2022 was equivocal whether Moore's probationary teaching services would be discontinued effective July 22, 2020, which renders such letter ineffective to give petitioner the requisite thirty days-notice. Such equivocation is compounded by the Board's providing that petitioner "may submit a written response to the reasons no later than seven days before the date of my consideration and final determination of your Discontinuance" unless the Superintendent's consideration of same was illusory.

The letter dated July 15, 2020 letter provided Moore only 7 days' notice of his termination, 23 days short of the 30-day

160087/2020   MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE                    Page 3 of 4
   Motion No.  001

3 of 4

requirement set forth in Education Law § 3019. See Matter of Vetter, 14 NY3d at 731 (2010).

The Board argues that even if it was deficient in providing notice of the discontinuance, Moore suffered no lost compensation, as the Board paid him an additional 48 days of salary, as he remained on the Board's payroll until September 1, 2020. However, the Board concedes that the salary Moore received between July 22, 2020 and September 1, 2020 constituted deferred compensation that was earned during the school year, to which Moore was already entitled. (NYSCEF Documents 17, ¶ 7; 24 ¶ 7; and 25, p. 11, L2, L5). Nor is the Board's argument about summer vacation of any moment. See Matter of Vetter, supra, at p. 731.

Based on the foregoing, Moore is entitled to an award of 23 days salary pursuant to Education Law § 3019.

20240903170328DJAMES5DD08231A91C431FA7CDFF0867A85C80

| 9/3/2024 | | | DEBRA A. JAMES, J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160087/2020   MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**
**Motion No.  001**

**Page 4 of 4**

[* 4]

4 of 4