Matter of Jaquez v Tietz (2025 NY Slip Op 02009)

Matter of Jaquez v Tietz

2025 NY Slip Op 02009

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 154613/22|Appeal No. 4047|Case No. 2024-02497|

[*1]In the Matter of Lucia Jaquez, Petitioner-Respondent,
v
Daniel Tietz, etc., Respondent-Appellant, Gary Jenkins, etc., Respondent. Legal Aid Society, Volunteers of Legal Service, Bronx Legal Services, New York Civil Liberties Union, Empire Justice Center and National Center for Law and Economic Justice, Amici Curiae.

Letitia James, Attorney General, New York (Grace X. Zhou of counsel), for appellant.
Lisa Rivera, New York Legal Assistance Group, New York (Daniella Tarantolo of counsel), for respondent.
White & Case LLP, New York (David G. Hille of counsel), for amici curiae.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered March 12, 2024, which, to the extent appealed from as limited by the briefs, granted petitioner's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA) in this hybrid proceeding brought pursuant to CPLR articles 30 and 78, unanimously affirmed, without costs.
Petitioner, a recipient of public assistance benefits from respondent New York City Human Resources Administration (HRA) since 2016, applied to the Social Security Administration (SSA) for Supplemental Security Income benefits in 2018 and was approved in May 2021, with retroactive effect. HRA then claimed and received from the SSA reimbursement of $7,303.60 for the benefits it paid to petitioner from the date of her application to the SSA. Petitioner challenged this reimbursement in a fair hearing before respondent New York State Office of Temporary and Disability Assistance (OTDA), claiming that HRA failed to demonstrate entitlement to a reimbursement. However, OTDA ruled in HRA's favor in a February 2, 2022, decision after fair hearing (DAFH). On April 5, 2022, petitioner's attorney requested that OTDA correct the decision on legal and factual grounds.
Petitioner commenced this proceeding on May 27, 2022, to challenge the DAFH, effecting service of process on June 10, 2022. Counsel averred that, having received no response to the April 5 request, petitioner was concerned with the statute of limitations expiring. On June 22, 2022, OTDA issued an amended DAFH finding in petitioner's favor. In response to OTDA's cross-motion to dismiss the petition as moot, petitioner moved for an award of attorneys' fees, arguing that she was a prevailing party under the catalyst theory.
Supreme Court appropriately granted attorneys' fees under the EAJA (CPLR 8601[a]), citing our recent decision in Matter of Liu v Ruiz (200 AD3d 68, 70, 75 [1st Dept 2021] [Mazzarelli, J.], lv dismissed 38 NY3d 1124 [2022]). In Liu we adhered to our prior precedent finding the catalyst theory applied to EAJA claims. We decline OTDA's invitation to overrule this precedent.
The core purposes of EAJA are to improve access to justice by the state's most economically challenged citizens, and to reduce and correct erroneous decisions by state agencies (see Liu, 200 AD3d at 70). The EAJA's provision of attorneys' fees to prevailing parties ensures that state decisions can be challenged by the people affected by them — people who might otherwise be forced to acquiesce in erroneous decisions that profoundly affect their lives. The catalyst theory serves these objectives. Under the catalyst theory, an article 78 court may award attorneys' fees to low-income petitioners where the state grants relief before a court rules on the merits. Such cases, where the state folds its hand before being forced to do so by a court, are often those that are most clearly meritorious. The threat of fee shifting even in the absence [*2]of an adjudication provides added incentive for state agencies to improve their decision-making.
For the reasons set forth above, and in Liu, we respectfully disagree with the other Appellate Divisions, which have decided not to recognize the catalyst theory (see Matter of Martucci v Hyer-Spencer, 217 AD3d 868, 869 [2d Dept 2023]; Matter of Criss v New York State Dept. of Health, 192 AD3d 1545, 1548-1549 [4th Dept 2021]; Matter of Clarke v Annucci, 190 AD3d 1245, 1246-1247 [3d Dept 2021], lv dismissed 37 NY3d 935 [2021]).[FN1]
Supreme Court correctly applied the catalyst theory to the record in this case and concluded that the article 78 petition caused OTDA to change its determination (see Liu, 200 AD3d at 70 ["commencement of the litigation 'catalyzed' the State into voluntarily offering to [petitioner], in substantial part, the relief that [she] was seeking"]). OTDA failed to argue before Supreme Court that the commencement of this proceeding was not a catalyst that prompted it into action to reverse its original DAFH (see Matter of Solla, 24 NY3d at 1195). We decline to consider this new argument on appeal, as OTDA's contention that its reconsideration process entailed a series of time intensive steps raises new facts not appearing on the face of the record (see Watson v City of New York, 157 AD3d 510, 511 [1st Dept 2018]). OTDA's principal hearing officer averred only that she reviewed the electronic case file and confirmed the dates of petitioner's April 5, 2022, correction request and issuance of the June 22, 2022 amended DAFH. She made no mention of any actions OTDA took in the interim to reconsider its decision, much less when such actions occurred.
We have considered OTDA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025

Footnotes

Footnote 1: The Court of Appeals has twice declined to reach whether the catalyst theory is applicable in EAJA cases (Matter of Solla v Berlin, 24 NY3d 1192, 1196 [2015]; Matter of Wittlinger v Wing, 99 NY2d 425, 432-433 [2003]).